UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-60881-BLOOM/Valle

EROD HABIB XARAGUA EL,

    Plaintiff,
v.

MIAMI RECOVERY SPECIALIST, INC.,

    Defendant.
_____/

### ORDER DENYING MOTION TO PROCEED IFP ON APPEAL

**THIS CAUSE** is before the Court upon *pro se* Appellant Erod Habib Xaragua El's ("Appellant") Affidavit of Financial Statement, ECF No. [12] ("Motion"), which the Court construes as a Motion for Leave to Appeal *in Forma Pauperis* ("IFP"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons stated below, the Motion is denied.

> Federal Rule of Appellate Procedure 24 provides that
>
> a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>     (A) shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or to give security for fees and costs;
>     (B) claims an entitlement to redress; and
>     (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). Further "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

Upon review, Appellant fails to show, in the detail prescribed by Form 4 of the Appendix of Forms, his inability to pay or give security for fees and costs. Appellant states that he does "not have or possess any gold or silver coins." ECF No. [12] at 2. Appellant does not further substantiate his inability to pay in a meaningful manner. As such, Appellant's Motion warrants denial for

failure to comply with Fed. R. App. P. 24(a)(1)(A). Further, Appellant does not claim an entitlement to redress in a meaningful manner in violation of Fed. R. App. P. 24(a)(1)(B). Appellant merely quotes various, seemingly impertinent provisions of the U.S. and Florida Constitutions. Lastly, Appellant does not state the issues which he intends to present on appeal in violation of Fed. R. App. P. 24(a)(1)(C). As such, the Court determines that Appellant has failed to meet the requirements to appeal IFP.

Should Appellant wish to proceed with the pending appeal, Appellant must pay the filing fee. Furthermore, the Court directs Appellant to Federal Rule of Appellate Procedure 24(a)(5), which states that, upon a district court's denial of an IFP motion, a "party may file a motion to proceed on appeal *in forma pauperis* in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4)." Fed. R. App. P. 24(a)(5). Further, a motion to proceed on appeal IFP "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [12]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 9, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Erod Habib Xaragua El
222 North Hiawasse Road
Box #48
Orlando, FL 32835
PRO SE